## FAIRBANKS, MORSE & COMPANY
### v.
### OWENS & SHRIVER.

*Sales—Breach of Condition—Remedy of Vendee—Implied Warranty of Manufacturer—Pleading—Instructions.*

1.   In an action of assumpsit to recover the price of goods sold, where one defense was that plaintiffs had violated a condition of the contract of sale providing that they should not sell the goods in question to other parties than defendants within certain territory, the court holds that an instruction to the jury that if plaintiffs had violated this condition they could not recover, was too broad.   Upon the case presented, this instruction would have justified the defendants in keeping the goods without paying for them.

2.   Defendants' remedy for such breach would have been to rescind the contract and, placing the plaintiffs in *statu quo*, avoid liability, or, not rescinding, they might have retained the property and have recouped whatever damage they suffered from plaintiffs' breach of the contract.

3.   An instruction setting forth that if the goods were manufactured by plaintiffs, the law implied a warranty that they were reasonably fit for the purpose for which they were made and in case of their failure the defendants would not be liable, was incorrect, no basis for such an instruction having been laid by the pleadings.

[Opinion filed April 11, 1892.]

IN ERROR to the Circuit Court of Champaign County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. GERE & PHILBRICK, for plaintiffs in error.

Mr. JOHN J. REA, for defendants in error.

MR. JUSTICE WALL.   This was an action of assumpsit to recover the price of certain tank heaters sold by plaintiffs to defendants.   The pleas were, first, non-assumpsit; second, breach of a condition in the contract that plaintiffs would not sell to any other persons within certain territory, whereby defendants were damaged to the extent of the

price and value of the heaters; third, fraudulent and false representations by plaintiffs that the heaters would answer certain purposes, which were known to be false, and that said heaters were not fit for such purposes; fourth, similar to the third with the addition that defendants were engaged in selling agricultural implements, etc., to farmers, and that the heaters could be sold conditionally; that the same were worthless, and that defendants had rescinded the contract and offered to return the heaters. The cause was tried by jury and the verdict was for the defendants; a motion for new trial was denied and judgment went against the plaintiffs for costs.

There was evidence tending to show that plaintiffs had violated the condition not to sell within the specified territory, and there was evidence tending to show that the heaters were not adapted to the use intended. The defense on the latter point rested mainly, if not wholly, upon the trial made of the heaters in three cases. In two of these instances the tanks to which they were applied were substantially larger than the capacity to which the heaters were adapted, and in the other only slightly so. Just how fairly these tests were made and what was the real cause of the failure is a matter of some uncertainty when all the evidence is taken into account. The defendants did not offer to rescind the contract or to return the heaters, though by their letters written after some effort to make sales they asked for an extension of time for payment. The court instructed the jury that "if the plaintiffs violated the contract in selling to others territory which had been sold to the defendants in consideration of their taking the machines, then the plaintiffs can not recover." This would have justified the defendants in keeping the heaters without paying for them, although worth the contract price, merely because of a violation by plaintiffs of a condition not to sell to others. We think this is not the rule of law applicable to such contracts. For such a violation by plaintiffs, defendants might repudiate the contract, and in such case by rescinding and offering to return could have avoided all liability; but they should

have placed the plaintiff in *statu quo*. Story on Sales, Chap. 14. Or the defendants, not rescinding, might retain the property and recoup whatever damages were occasioned by the plaintiffs' breach of the contract. It was not shown that any damage was thus caused in the present instance.

The court also instructed the jury that if the heaters were made by plaintiffs, the law implies a warranty that they were reasonably fit for the purpose for which they were made, and in case of a failure therein the defendants would not be liable. There was no plea under which such a defense could be interposed, and therefore the instruction should not have been given.

Various minor objections are urged to the ruling of the court in the admission of evidence, but we think it unnecessary to refer to them, as the errors therein will no doubt be obviated on another trial.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*